IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN GILCRHIST AND BYRON BROCHMAN AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B)<br><br>*Plaintiffs*,<br>       v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION & SCHLUMBERGER LIMITED (SCHLUMBERGER N.V.)<br>*Defendants*. | Civil Action No. 1:16-cv-0008 |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs John Gilchrist and Byron Brockman (collectively, "Plaintiffs") on behalf of all others similarly situated file this Amended Complaint against Defendants Schlumberger Technology Corporation ("STC") and Schlumberger Limited (Schlumberger N.V.) ("SLD")(collectively, "Defendants"), and in support show the Court the following:

### I.   SUMMARY

1.   This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.  Plaintiffs bring this lawsuit to recover unpaid overtime wages and other damages for themselves and all similarly situated employees under the Fair Labor Standards Act ("FLSA"). Defendants attempted to circumvent the Fair Labor Standards Act's ("FLSA") protections by misclassifying Plaintiffs and Potential Plaintiffs as exempt from the overtime protections and the benefits of the FLSA. Defendants paid Plaintiffs and Potential Plaintiffs a base salary and day rate that failed to lawfully compensate these individuals for overtime work.

Plaintiff and the Potential Plaintiffs frequently worked over 40 hours per workweek but did not receive overtime compensation as required under the FLSA.

## II.   PARTIES

2. Plaintiffs are individuals who were both employed by Defendants within the meaning of the FLSA and who have previously filed their consents to participate as parties in this lawsuit. Named Plaintiff John Gilchrist is a resident of this Judicial District while Named Plaintiff Byron Brochman is a resident of the Eastern District of Arkansas (collectively, "Plaintiffs"). Plaintiffs worked for Defendants as Measurement-While-Drilling Operators ("MWD Operators") during the two years preceding the filing of this lawsuit. At all relevant times, Plaintiffs constitute Defendants' "employee[s]" as that term is understood under the FLSA.

3. "Potential Plaintiffs" are Defendant's current and former Measurement-While-Drilling Operators ("MWD Operators") who were paid pursuant to a hybrid salary, day rate scheme during the last three years. Defendant STC is a Texas Corporation that maintains and operates its principal office in Texas and has previously been served with this lawsuit.

4. Defendant SLD is the parent company of STC that maintains and operates its principal U.S. office in Texas. Plaintiffs have already served SLD with this lawsuit.

## III.   JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiffs assert a claim arising under federal law.

6. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this district. Venue is specifically proper in this District because plaintiffs performed their work as MWD Operators in this district and also reside here.

## IV.    COVERAGE

7. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and the Potential Plaintiffs.

8. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). Specifically, Plaintiffs and Defendants' other MWD Operators handled MWD equipment and tools that had been moved in or produced for commerce during all relevant times.[1]

11. At all times hereinafter mentioned, Plaintiffs and the Potential Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Specifically, Plaintiffs and the Potential Plaintiffs handled MWD equipment and tools supplied by Defendants that had been moved or produced fro commerce during their employment with Defendants.[2]

---

[1] This allegation is specifically relevant to enterprise FLSA coverage.
[2] This allegation is specifically relevant to individual FLSA coverage.

## V.     FACTUAL FLSA ALLEGATIONS

12. Defendants have been involved in the oilfield services industry throughout the United States, including in this Judicial District, over the relevant time period and do more than $500,000.00 per year in business.

13. Defendant SLD holds itself out an "industry leader" in providing "measurement-while-drilling" services and employs approximately "95,000 people."[3]  To provide these measurement-while-drilling services, Defendants directly, indirectly or jointly employ MWD Operators, including Plaintiffs and the other MWD Operator Class Members. These MWD Operators work and reside throughout the United States, including the Plaintiffs who reside in this District.

14. Defendant STC supervises and controlled MWD Operators, including Plaintiffs and those employed by Defendant SLD. Defendant STC's employees acted as MWD Operators' and Plaintiffs' managers, assigning Plaintiff to work in locations throughout the United States, setting work shifts and schedules, and overseeing how they performed their duties.

15. Plaintiffs worked as a MWD Operators for Defendants within the last two years and during the years covered by this lawsuit. While working as MWD Operators Plaintiffs handled materials in interstate commerce, including MWD equipment and tools supplied by Defendants and Defendants' clients.[4]

16. As MWD Operators, Plaintiffs' job duties included operating oilfield machinery, collecting/relaying data, and reporting their daily activities to their field supervisors for analysis. Plaintiffs performed their day-to-day work within the parameters set by Defendants. Plaintiffs' duties were routine in nature and largely governed by standardized checklists provided by

---

[3] *See* https://www.sec.gov/Archives/edgar/data/87347/000156459016012009/slb-10k_20151231.htm (containing Schlumberger Limited's 10-K Annual Report).

[4] This allegation is specifically relevant to both individual and enterprise FLSA coverage.

**PLAINTIFFS' SECOND AMENDED COMPLAINT**                                                                                            **Page - 4**

Defendants. Defendants set every element of Plaintiffs' jobs, including the tools used at the site, the data to compile, and Plaintiffs' work schedule and duties.

17. Plaintiffs' job duties (1) were primarily manual labor and technical in nature, (2) required no official educational training or college degree, and (3) did not involve supervisory or managerial functions.

18. Plaintiffs routinely worked over 40 hours per week. In fact Plaintiffs worked as many as 80 hours, or more, in weeks covered by this lawsuit. Defendants knew that Plaintiffs regularly worked in excess of 40 hours per week and it allowed and directed them to do so. Despite this knowledge, Defendants failed to properly pay overtime to the Plaintiffs. Instead of properly paying overtime, Defendants paid Plaintiffs pursuant to a base salary plus date pay scheme that failed to provide Plaintiffs with overtime compensation for overtime work.

19. Over the past two years, Plaintiffs and the Department of Labor have collectively accused SLD and its subsidiaries ("Schlumberger") of violating the FLSA rights of thousands of its employees ranging from field specialists to drillers to MWD Operators. The Schlumberger Enterprise's apparent total disregard for the FLSA has caused plaintiffs to file FLSA lawsuits throughout the country to assert their rights for lawfully earned wages, which should have been paid in the first place. Since February 2012, plaintiffs have filed no less than 35 FLSA lawsuits to address Schlumberger's violations of the FLSA and the need to address this chronic practice of unpaid and underpaid wages.

20. One of these 35+ lawsuits involves the **very same claims as this lawsuit and the very same Schlumberger subsidiary named in this lawsuit—STC**. On July 11, 2014, a former MWD Operator served STC with a collective action lawsuit claiming that the company paid its MWD Operators and Drillers a "base salary plus a day rate," but did not pay them "overtime for any and all hours worked in excess of 40 in a single workweek. *Boudreaux v. Schlumberger Tech*

*Corp.*, No. 6:14-cv-02267 (W.D. La. Sept. 1, 2014) (Dkt. 1, 3).  STC reacted to the lawsuit in the way one would expect from a repeated violator: **STC refused to change its misclassification scheme but instead instituted the same type of arbitration program that disallows employees from participating in collective action FLSA lawsuits that Circuit Courts around the country have begun to recognize as unenforceable.**

21.  Plaintiffs have filed over 15 collective action lawsuits against STC specifically since the beginning of 2013. The lawsuits filed against STC include allegations that the company willfully misclassified all of the following groups of blue collar employees as exempt from the FLSA's overtime protections:

- Field Specialists misclassified and paid salary plus job bonus;[5]
- Field Operators misclassified and paid a salary plus job bonus;[6]
- Operators paid on a salary plus job bonus or daily bonus basis;[7]
- Directional Drillers, MWD Operators and LWD Operators paid on salary plus day rate basis;[8]
- Equipment Operators and Equipment Operator Trainees paid on a fluctuating workweek basis;
- Field Engineers paid on a salary plus day rate basis;[9]
- Cement Field Specialists paid on a salary plus bonus basis;[10]

The Department of Labor's Wage and Hour Division ("DOL") has also investigated STC on two separate occasions. On both occasions, the DOL found STC culpable for **over 100 separate case violations**. Unfortunately, the DOL's findings did not teach Schlumberger or STC a lesson.

---

[5] *Olgin v. Schlumberger Tech. Corp.*, No. 1:15-cv-1066 (D.N.M. Nov. 20, 2015).
[6] *Simard v. Schlumberger Technology Corporation*, No. 4:15-cv-3221 (S.D. Tex. Nov. 2, 2015).
[7] *Belcher v. Schlumberger Technology Corporation*, No. 4:15-cv-2429 (S.D. Tex. Aug. 21, 2015).
[8] *Boudreaux v. Schlumberger Tech Corp.*, No. 6:14-cv-02267 (W.D. La. Sept. 1, 2016)
[9] *Riva v. Schlumberger Technology*, No. 4:15-cv-3002 (S.D. Tex. October 13, 2015).
[10] *Herrera v. Schlumberger Technology*, No. 5:16-CV-526 (W.D. Tex. June 8, 2016).

22. In this case, Defendants recklessly disregarded the FLSA by classifying Plaintiffs and all MWD Operators as exempt from overtime. This classification is merely the continuation of Defendants' consistent corporate-wide policy of classifying obviously non-exempt, blue-collar workers as exempt from overtime. Defendants made the conscious decision to misclassify Plaintiff and other MWD Operators despite having full knowledge that the pay scheme violated the FLSA based on the following:

- Two DOL Investigations and over 30 FLSA lawsuits that put Defendants on actual notice of the FLSA and its requirements;

- Two DOL investigations that found STC guilty of 246 case violations, STC's agreement to pay back pay resulting from those investigations and its assurances to comply with the FLSA in the future; and

- The *Boudreaux v. Schlumberger Tech Corp.* lawsuit that put Defendants on notice that they had misclassified MWD Operators as exempt from overtime. STC showed callous disregard for the law by (1) not changing the specific pay practices at issue here **despite the passage of two years**; and (2) instead instituting an arbitration policy with "class killer" clauses to prevent any more collective action lawsuits.

No doubt exists that Defendants knew or should have known that the very pay practices at issue in this case violated the FLSA based on their experience as repeat FLSA offenders.

## VI.   COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff and the Potential Plaintiffs performed the same or similar job duties as one another as described in the preceding paragraphs in that the Potential Plaintiffs were other employees whose primary responsibilities consisted of manual labor including operating oilfield machinery, collecting/relaying data, and reporting their daily activities to their field supervisors for analysis. Further, Plaintiff and Potential Plaintiffs were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek, but instead were paid on a salary plus a bonus rate plan. Accordingly, the Potential Plaintiffs victimized by

Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Potential Plaintiffs. Thus, Plaintiff's experience is typical of the experience of the Potential Plaintiffs. All Potential Plaintiffs, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Potential Plaintiffs.

25. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiff and the Potential Plaintiffs.

## VII. CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

26. During the relevant period, Defendants violated and continue to violate the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with the law.

## VIII.   RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join in the suit);

    b.    For an Order awarding Plaintiffs (and those who may join in the suit) the costs of this action, attorneys' fees, and pre-judgment/post-judgment interest at the highest rates allowed by law; and

    c.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Jack Siegel*_____

Siegel Law Group PLLC
**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
10440 N. Central Expy.
Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.siegellawgroup.biz

**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax

www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The foregoing document was served on all Parties of record via that Court's e-filing system.

J. Forester_____

J. Forester