IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN GILCHRIST, AND<br>BYRON BROCKMAN, | PLAINTIFFS |
| v.     NO. 1:16-CV-00008-LY | |
| SCHLUMBERGER TECHNOLOGY<br>CORPORATION & SCHLUMBERGER<br>LIMITED (SCHLUMBERGER N.V.), | DEFENDANTS |

## DEFENDANT'S MOTION TO STRIKE

**NOW COMES**, Defendant, Schlumberger Technology Corporation ("STC"), through undersigned counsel, and files this Motion to Strike ("Motion"), pursuant to Fed. R. Civ. P. 12(f), paragraphs 19 through 22 of Plaintiffs' Second Amended Complaint ("SAC") as the impertinent, scandalous, immaterial, and highly prejudicial allegations stated therein have no bearing upon Plaintiffs' claims.

## FACTUAL BACKGROUND

Plaintiffs initially brought this action against Schlumberger Limited for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-207, alleging that they were misclassified as exempt employees and were not paid overtime, as required by federal law.[1] Instead, of being paid overtime compensation, Plaintiffs allege that STC paid them a base salary plus a day-rate.[2] Plaintiffs were employed as MWD Operators during the two (2) years immediately preceding the filing of their lawsuit, i.e., from approximately January 2014 through January 2016.[3]

---

[1] Dkt. No. 1 at ¶ I.
[2] *Id*. at ¶ 16.
[3] *Id*. at ¶ 12.

On August 23, 2016, Defendant STC, as the proper party-defendant, filed a Motion to Dismiss, or in the alternative, Motion to Transfer as the original responsive pleading to Plaintiffs' complaint.[4]  Rather than responding to STC's Motion to Dismiss, Plaintiffs' instead filed their First Amended Complaint ("FAC") on September 13, 2016.[5]  On October 5, 2016, STC filed a Motion to Strike as its responsive pleading to Plaintiffs' FAC.

On November 28, 2016, Plaintiffs' filed a Motion for Leave to File Second Amended Complaint ("SAC") to add, for the first time, collective action allegations.  (Dkt. No. 31.)  Since that time, Plaintiffs have abandoned their collective action claims and withdrawn the Consents-to-Join filed by Dylan Lewellyn (Dkt. No. 7) and Mark Wilson (Dkt. No. 26), the only individuals who have opted-in to this action, and their Motion for Notice to Potential Plaintiffs and Conditional Certification.  (Dkt. No. 51.)

As set forth more fully below, paragraphs 19 through 22 of Plaintiffs' SAC are replete with redundant, immaterial, impertinent, and scandalous allegations that are intended solely to tarnish and prejudice Defendants as they have no possible relevance or bearing on the subject matter of this litigation. Accordingly, Defendant now moves, pursuant to Fed. R. Civ. P. 12(f), to strike paragraphs 19 through 22 of the SAC in their entirety.

## LAW AND ARGUMENT

**A.     Legal Standard for Motion to Strike Under Fed. R. Civ. P. 12(f).**

Pursuant to Rule 12(f), a court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter."[6] "Redundant" matter consists of allegations that constitute "a

---

[4] Dkt. No. 6.
[5] Dkt. No. 10.
[6] Fed. R. Civ. P. 12(f).

2

needless repetition of other averments in the pleading."[7] "Immaterial" matter is that which "has no essential or important relationship to the claim for relief or the defenses being pleaded,"[8] such as superfluous historical allegations, "or a statement of unnecessary particulars in connection with and descriptive of that which is material."[9] Furthermore, "impertinent" matter consists of statements that "do not pertain, and are not necessary, to the issues in question."[10] Lastly, "scandalous" matter is that which "improperly casts a derogatory light on someone,"[11] or "states anything in repulsive language that detracts from the dignity of the court."[12]

Courts have "broad discretion to determine whether the challenged matter should be stricken."[13] While motions to strike are generally disfavored, particularly if used as a delaying tactic,[14] where a motion to strike removes redundant or immaterial clutter from the case, it serves to expedite, not delay.[15] Motions to strike should be granted if the allegations "have no possible relevance to the controversy and may cause prejudice to one of the parties."[16]

**B.     References To Unrelated, Pending Cases & DOL Investigations Should Be Stricken.**

Plaintiffs' SAC contains numerous references to unrelated lawsuits filed against Defendants and two prior DOL investigations against STC,[17] all of which have no bearing upon

---

[7] *Marceaux v. Lafayette Consol. Gov't*, No. 6:12-cv-01532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012) (citing 5 C. Wright & A. Miller, Fed. Prac. & Proc. 3d § 1382).
[8] *Id.*; *see also Bittakis v. City of El Paso*, No. EP-05-CV-0402-FM, 2006 WL 897681, at *2 (W.D. Tex. Mar. 31, 2006).
[9] 5 C. Wright & A. Miller, Fed. Prac. & Proc. 3d § 1382 (2007).
[10] *Marceaux*, 2012 WL 5197667, at *1 (internal citation omitted).
[11] *Id.*
[12] *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007).
[13] *Cordero v. Voltaire, LLC*, No. A-13-CA-253-LY, 2013 WL 6415667, at *8 (W.D. Tex. Dec. 6, 2013) (citing *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979)); *see also Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).
[14] *See U.S. v. Coney*, 689 F.3d 365, 379-80 (5th Cir. 2012).
[15] *Foster v. Pfizer, Inc.*, No. 00-1287-JTM, 2000 WL 33170897, at *2 (D. Kan. Dec. 12, 2000); *see also Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).
[16] *Boyd's Bit Service, Inc. v. Specialty Rental Tools & Supply, Inc.*, 332 F. Supp. 2d 938, 944 (W.D. La. 2004) (citation omitted); *see also Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir. 1962); *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 768-69 (N.D. Tex. 2002).
[17] *See* Dkt. No. 10 at ¶¶ 19-21.

Plaintiffs' claims for unpaid overtime wages here. In particular, paragraph 21 of the SAC lists the following string of cases against STC:

- Field Specialists misclassified and paid salary plus job bonus (citing *Olgin v. Schlumberger Tech. Corp.*, No. 1:15-cv-1066 (D.N.M. Nov. 20, 2015));
- Field Operators misclassified and paid a salary plus job bonus (citing *Simard v. Schlumberger Tech. Corp.*, No. 4:15-cv-3221 (S.D. Tex. Nov. 2, 2015));
- Operators paid on a salary plus job bonus or daily bonus basis (citing *Belcher v. Schlumberger Tech. Corp.*, No. 4:15-cv-2429 (S.D. Tex. Aug. 21, 2015));[18]
- Directional Drillers, MWD Operators and LWD Operators paid on a salary plus day rate basis (citing *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-cv-02267 (W.D. La. July 8, 2014));[19]
- Equipment Operators and Equipment Operator Trainees paid on a fluctuating work week basis (no case caption or citation is provided));
- Field Engineers paid on a salary plus day rate basis (citing *Riva v. Schlumberger Tech. Corp.*, No. 4:15-cv-3002 (S.D. Tex. Oct. 13, 2015));[20] and
- Cement Field Specialists paid on a salary plus day rate basis (citing *Herrera v. Schlumberger Tech. Corp.*, No. 5:16-cv-526 (W.D. Tex. June 8, 2016)).

Similarly, in paragraph 22, Plaintiffs reference two alleged DOL investigations of STC as evidence to prove willfulness, stating:

Defendants made the conscious decision to misclassify Plaintiff and other MWD Operators despite having full knowledge that the pay scheme violated the FLSA based on the following:

- Two DOL [i]nvestigations and over 30 FLSA lawsuits that put Defendants on actual notice of the FLSA and its requirements; and
- Two DOL investigations that found STC guilty of 246 case violations, STC's agreement to pay back pay resulting from those investigations and its assurances to comply with the FLSA in the future.

Under the FLSA, the exempt or non-exempt status of any particular employee must be determined on the basis of whether the ***employee's salary and duties*** meet the requirements set

---

[18] According to plaintiff's complaint and motion for conditional class certification and notice, plaintiff and the putative class members were employed as Operators, Riggers, and Supervisors who worked for STC's wireline and wireline control division. *See* Dkt. No. 1 at ¶¶ 4, 15; *see also* Dkt. No. 16 at ¶ 1.

[19] Plaintiffs incorrectly state that the *Boudreaux* lawsuit was filed on Sept. 1, 2016. *See* Dkt. No. 1.

[20] Plaintiffs' incorrectly state that the Riva lawsuit involves individuals employed as Field Engineers. Rather, Plaintiff Riva and the class he seeks to represent were employed as "Field Engineers – Slider." *See* Dkt. No. 60.

forth in 29 C.R.R. § 541.0 *et. seq.*[21] As conceded by Plaintiffs in paragraph 21, six of the cases referenced above – i.e., *Olgin*, *Simard*, *Belcher*, *Riva*, *Herrera* and the unnamed suit brought by "Equipment Operators and Equipment Operator Trainees" – involve overtime claims by plaintiffs employed by STC in positions other than MWD Operators, the only job position held by Plaintiffs and at issue here.[22] All cases except *Boudreaux*, which is addressed below, have no bearing on or relation to the people at issue here. Indeed, Plaintiffs make no *factual* connection between the job positions, job duties and exempt status in the other litigations or the alleged DOL investigations and their own claim. The only purpose served by their mention is to inflame the reader and, accordingly, unfairly prejudice the Defendants. As such, these inflammatory allegations should be stricken as immaterial and impertinent.[23]

At the pleading stage, moreover, the burden on the plaintiff is minimal to allege a willful violation of the FLSA and there is no requirement that a plaintiff proves or provides evidence of willfulness.[24] Indeed, "references to other litigations . . . are 'immaterial, impertinent or scandalous' and inappropriate in a complaint, and are not necessary to allege willfulness" under the FLSA.[25] Accordingly, all references to the *Boudreaux* litigation, including allegations that

---

[21] *McKee v. CBF Corp.*, 299 F. App'x 426, 429 (5th Cir. 2008).
[22] Dkt. No. 10 at ¶¶ 1, 14, 15.
[23] *See Kent v. AVCO Corp.*, 815 F. Supp. 67, 71 (D. Conn. 1992) (striking references to other litigation that AVCO is presently or had previously been a party to as immaterial, finding "[t]he value of allowing these references in this case is outweighed by the prejudicial effect they would have on this proceeding."); *see also Caiafa v. Sea Containers Ltd.*, 525 F. Supp. 2d 398, 411 (S.D.N.Y. 2007) (allegations from pleadings in unrelated case cannot support securities fraud claims); *Gotlin v. Lederman*, 367 F. Supp. 2d 349, 362-64 (ILG) (E.D.N.Y. 2005) (striking references to prior settlement and jury award unrelated to plaintiffs' claim); *Schnell v. Schnall*, No. 80 Civ. 2442, 1981 WL 1618, at *4 (S.D.N.Y. Mar. 30, 1981) (striking references to prior litigation unrelated to plaintiff's claim).
[24] *See McCollim v. Allied Custom Homes, Inc.*, No. H-08-3754, 2009 WL 1098459 at *4 (S.D. Tex. Apr. 23, 2009) (finding adequate for pleading a willful violation and the 12(b)(6) stage the allegation that "Plaintiff frequently worked in excess of 40 hours per week" and that "by failing to pay Plaintiff the legally mandated overtime premium . . . Defendants acted willfully and with reckless disregard of the provisions of the FLSA . . . ."); *see also Albanil v. Coast 2 Coast, Inc.*, No. H-08-486, 2008 WL 4937565, at *8 (S.D. Tex. Nov. 17, 2008) ("FLSA plaintiffs are not required to prove willfulness without the benefit of discovery.")
[25] *Cowell v. Utopia Home Care, Inc.*, 144 F. Supp. 3d 398, 406 (E.D.N.Y. 2015).

the MWD Operator class is asserting the same claim as Plaintiffs here,[26] should also be stricken from Plaintiffs' SAC, pursuant to Rule 12(f).[27]

Likewise, Plaintiffs' general allegations, without citation, to two DOL investigations in paragraphs 21 and 22, supply no factual information relative to Plaintiffs' claim against these Defendants and should also be stricken.[28] These superfluous historical allegations have nothing to do with these Plaintiffs or the substantive, factual allegations in this action. Accordingly, all references to the DOL investigations and their alleged "findings" should be stricken from the SAC.[29]

Lastly, federal courts recognize that references to preliminary steps in litigations and federal agency investigations against defendants that did not result in adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f).[30] Notably, none of the cases cited by Plaintiffs have been decided on the merits, nor do they

---

[26] Dkt. 10 at ¶ 19.

[27] *Impulsive Music v. Pomodoro Grill, Inc*., No. 08-CV-6293, 2008 WL 4998474, at *3 (W.D.N.Y. Nov. 19, 2008) (striking reference to a case "virtually identical" to the case that was before the court that had not been resolved on the merits"); *see also Barnes v. Koppers, Inc*., No. 3:03-cv-60-P-D, 2006 WL 940279, at *3 (N.D. Miss. Apr. 11, 2006) (holding that "evidence of other lawsuits, claims, and injuries" in same area were "irrelevant to this case and therefore inadmissible"; jury thus precluded from seeing caption from a related, consolidated case that "evidenc[ed] other claims and plaintiffs").

[28] *See Shahzad v. H.J. Meyers & Co., Inc*., No. 95 Civ. 6196 (DAB), 1997 WL 47817, at *13-14 (S.D.N.Y. Feb. 6, 1997) (striking allegations regarding disciplinary actions imposed on defendant securities dealer by securities regulators, as well as allegations describing defendants' false and misleading sales techniques at issue in an unrelated action); *see also In re Merrill Lynch & Co, Inc. Research Reports Sec. Litig*., 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (striking portions of the complaint that referenced SEC investigations in other IPO litigations involving the defendant).

[29] *See Footbridge Ltd. v. Countrywide Home Loans, Inc.*, No. 09 Civ. 4050(PKC), 2010 WL 3790810, at *5 (S.D.N.Y. Sept. 28, 2010) (striking allegations "based on pleadings, settlements, and government investigations in other cases").

[30] *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893-94 (2d Cir. 1976) (because consent judgment between federal agency and private corporation was "not the result of an actual adjudication of any of the issues," it was "clear that the SEC-CUC consent judgment, itself, can have no possible bearing" on separate civil action); *see also Dent v. U.S. Tennis Ass'n*, No. CV-08-1533, 2008 WL 2483288, at *2 (E.D.N.Y. June 17, 2008) (striking reference to settlement between New York Attorney General and defendant); *Footbridge Ltd.*., 2010 WL 3790810, at *5 (striking allegations "based on pleadings, settlements, and government investigations in other cases"); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009) (paragraphs in complaint which are "based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved are, as a matter of law, immaterial within the meaning of Rule 12(f)").

resulted in a finding against STC. In fact, the plaintiffs in *Simard*[31] and *Olgin*[32] voluntarily dismissed their lawsuits against STC, pursuant to Fed. R. Civ. P. 41(a)(1).[33] With respect to the *Belcher*, *Boudreaux*, *Riva*, and *Herrera* lawsuits, there has been no decision on the merits as each case is currently pending in federal court.

Based on the foregoing, Rule 12(f) and federal case law make clear that such extraneous, inflammatory and prejudicial references to other pending, unrelated litigations and/or DOL investigations that have not been decided on the merits are immaterial. Accordingly, these allegations should be stricken from Plaintiffs' SAC.

**C.    Statements in Paragraphs 19, 20 and 22 Should Be Stricken as Scandalous.**

Federal courts allow for a more relaxed standard when motions to strike are made on grounds that the statements are scandalous.[34] A statement is "scandalous" if it improperly characterizes a party in a derogatory manner.[35] Instances of name calling and accusations of irrelevant and prejudicial conduct which are inflammatory, prejudicial and scandalous and have nothing to do with a plaintiff's claims must be stricken under Rule 12(f).[36] It is particularly appropriate to strike offensive material when that material is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack a party to the litigation.[37] Certain assertions found in paragraphs 19, 20 and 22 of Plaintiffs SAC should also

---

[31] Dkt. No. 8.
[32] Dkt. No. 32.
[33] Further, in *Dewan v. M-I, L.L.C.*, No.: 4:15-cv-01746 (S.D. Tex.) and *Alexander v. Tutle & Tutle Trucking, Inc., et al.*, No.: 4:13-cv-650 (E.D. Ark.), the courts found in favor of STC and *Jackson v. STC*, No.: 6:16-cv-374 (W.D. La.) was also dismissed pursuant to Fed. R. Civ. P. 41(a)(1).
[34] 5A Wright and Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 712.
[35] *In re Taxable Mun. Bond Securities Litigation,* 1992 WL 162229 (E.D. La. 1992) (*citing Alvarado-Morales v. Digital Equip. Corp.,* 843 F.2d 613, 617-18 (1st Cir. 1988)).
[36] *See Slaughter House Records and Production Co., Inc. v. Miller,* No. Civ. A. 99-1421, 1999 WL 412431, *6 (E.D. La. June 18, 1999).
[37] *See, e.g., Marceaux v. Lafayette Consol. Gov't*, No. 6:12-cv-01532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012) ("The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available.").

be stricken as they are intended to cast Defendants in an adverse light to the jury and they meet the definition of "scandalous," in accordance with a Rule 12(f) Motion to Strike.

As statements that are immaterial, facially inflammatory, scandalous and highly prejudicial, STC seeks to strike the following allegations from Plaintiffs' SAC: (1) "SLD and its subsidiaries ("Schlumberger") [have been accused] of violating the FLSA rights of thousands of its employees . . . .,"[38] (2) STC is a "***repeated violator*** [of the FLSA],"[39] and (3) that "[t]he Schlumberger Enterprise's [show an] apparent ***total disregard*** for the FLSA,"[40] and Defendants are "***repeat FLSA offenders***."[41] Plaintiffs' argumentative, inaccurate and inflammatory statements are immaterial and unnecessary to Plaintiffs' claims at the pleading stage[42] and are precisely the kind of allegations courts routinely strike under Rule 12(f).[43] Accordingly, these potions of paragraphs 19, 20 and 22 should be stricken from Plaintiffs' SAC as scandalous.

### D.    Allegations in Paragraphs 19 through 22 Should Be Stricken As Immaterial and Impertinent.

Although Plaintiffs place allegations in these paragraphs under the section entitled "Factual FLSA Allegations," they are merely immaterial and impertinent statements that should

---

[38] Dkt. No. 56 at ¶ 19.
[39] *Id*. at ¶ 20.
[40] *Id*. at ¶ 19.
[41] *Id*. at ¶ 22.
[42] *See Marceaux*, 2012 WL 5197667, at *1; *see also Hardin v. Amer. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999) (the evidentiary material supporting a claim normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process).
[43] *See Marceaux*, 2012 WL 5197667, at *2 (striking from plaintiff's complaint allegations that the police department is "rotten to the core" because they serve no purpose other than to cast the Lafayette Police Department in a poor light); *see also Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "defendants are '[l]ike vultures feeding on the dead.'"); *Slaughter House Records & Production Co., Inc. v. Miller*, No. Civ. A. 99-1421, 1999 WL 412431, at *6 (E.D. La. June 18, 1999) ("[N]ame calling and use of such inflammatory terminology add nothing to the substantive allegations in the complaint and are both immaterial and scandalous" under Rule 12(f).); *Sullivan v. Warminster Tp*., No. 07-4447, 2010 WL 2164520, at *11-12 (E.D. Pa. May 27, 2010) (striking allegation that attempt to "cast Defendants in a negative or prejudicial light" because they are "not necessary to the issue" in plaintiffs' claims); *Low v. Robb*, No. 11-cv-2321, 2012 WL 173472, at *10 (S.D.N.Y. Jan. 20, 2012) (striking paragraphs because the "allegations do not bear on any issue in the case" and "appear to be an attempt to gin up resentment against Robb on the part of a potential jury"); *Everage v. Ford Motor Co*., No. CIV. 04-549-KKC, 2005 WL 1176095, at *2-3 (E.D. Ky. May 12, 2005) (striking "scandalous statements designed to improperly elicit sympathy, to curry favor, or cast aspersions on the defendants").

be stricken from Plaintiffs' SAC. Specifically, paragraphs 20 and 22 contain legal conclusions and allegations related to STC's alleged "arbitration program." Paragraph 20 states "STC refused to change its misclassification scheme but instead instituted the same type of arbitration program that disallows employees from participating in collective action FLSA lawsuits that Circuit Courts around the country have begun to recognize as unenforceable."[44] Likewise, paragraph 22 alleges that STC instituted "an arbitration policy with 'class killer' clauses to prevent any more collective action lawsuits," and contains the legal conclusions that classifying MWD Operators as exempt "is merely a continuation of Defendants' consistent corporate-wide policy of classifying obviously non-exempt, blue collar workers as exempt from overtime" and that "Defendants made the conscious decision to misclassify Plaintiff . . . despite having full knowledge that they pay scheme violated he FLSA . . . ." These allegations do not pertain, and are unnecessary, to the factual issues in question and should be stricken as impertinent.[45]

Similarly, all allegations in paragraphs 19 through 22 related to the total number of lawsuits filed against Defendants since 2012 and 2013 should be stricken as immaterial.[46] In particular, paragraph 19 alleges "[s]ince February 2012, plaintiffs have filed no less than 35 FLSA lawsuits to address Schlumberger's violations of the FLSA and the need to address this chronic practice of unpaid and underpaid wages," while paragraph 21 states "[p]laintiffs have filed over 15 collective action lawsuits against STC specifically since the beginning of 2013." Paragraphs 20 and 22 also contain generic allegations that Defendants are involved in "35+

---

[44] Dkt. No. 56 at ¶ 20.
[45] *Marceaux*, 2012 WL 5197667, at *3 (striking paragraphs 345-350 of plaintiffs' amended complaint as impertinent because they contained legal argument interpreting a legal decision rather than relevant factual allegations).
[46] *Id.* at *2 (striking allegations in plaintiffs' complaint and amended complaint as immaterial because they were unrelated to the events giving rise to any of the plaintiffs' claims or that led to plaintiffs claim against defendants and thus had no possible bearing upon the subject matter of the litigation).

lawsuits"[47] and "over 30 FLSA lawsuits."[48] Statements regarding the number of lawsuits filed against Defendant's have no relationship to Plaintiffs' claim and are quintessentially immaterial. Moreover, filing a lawsuit does not establish a violation of the law.[49] Consequently, this Court should strike these impertinent and immaterial allegations from Plaintiffs' SAC.

**E.     The Impertinent, Immaterial and Scandalous Allegations Are Highly Prejudicial.**

In addition to being unnecessary at the pleading stage, Defendants will be prejudiced if Plaintiffs' irrelevant and inflammatory allegations in paragraphs 19 through 22 remain in the record. Since this action will be tried to a jury, Defendants will suffer prejudice if Plaintiffs are able to refer to their SAC in its present form at trial. "The possibility that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that will support the granting of a motion to strike."[50]

Furthermore, not only do paragraphs 19 through 22 include irrelevant and disparaging statements directed at Defendants but they also include information that would not be admitted as evidence under Fed. R. Evid. 402 and/or 403. Additionally, as evidenced by Plaintiffs' copying of many of these allegations from other, unrelated complaints, if these allegations remain on the record, there is a risk of their use in future actions against STC by others. Accordingly, this Court should strike paragraphs 19 through 22 of the SAC, pursuant to Fed. R. Civ. P. 12(f), as they contain redundant, impertinent, immaterial and scandalous matters that serve only to confuse and inflame the jury and, therefore, unfairly prejudice the Defendants.

---

[47] Dkt. No. 56 at ¶ 19.
[48] *Id*. at ¶ 22.
[49] It is worth noting that of the 35 lawsuits filed against Defendants, no less than 18 have been filed by the same 3 groups of plaintiffs' counsel.
[50] *Neilson v. Union Bank of Cal., N.A*., 290 F. Supp. 2d 1101, 1152-53 (C.D. Cal. 2003) (granting motion to strike inflammatory statements as immaterial and rejecting plaintiff's argument that statements "were true" and helped to place defendant's actions in context).

## CONCLUSION

For the reasons set forth above, Defendant, Schlumberger Technology Corporation, respectfully requests that this Court grant its Motion and issue an order striking paragraphs 19 through 22 as they contain redundant, impertinent, immaterial, and scandalous allegations that are highly prejudicial to Defendants, and for all such further relief that this Court deems just and proper.

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7(i), counsel for Defendant attempted to confer with counsel for Plaintiff before submitting this Motion but was not successful in contacting counsel. Accordingly, this Motion is submitted as opposed.

Respectfully submitted, this 3rd day of March, 2017.

*/s/ Samuel Zurik III*
Samuel Zurik III (Texas Bar No. 24044397)
Robert P. Lombardi (admitted *pro hac vice*)
**THE KULLMAN FIRM, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA  70163
Telephone:  (504) 524-4162
Facsimile:  (504) 596-4189
E-Mail:  sz@kullmanlaw.com
E-Mail:  rpl@kullmanlaw.com

*COUNSEL FOR DEFENDANT*
*SCHLUMBERGER TECHNOLOGY CORPORATION*

## **CERTIFICATE OF SERVICE**

I certify that I have caused to be served, this 3rd day of March, 2017, a copy of the foregoing has been sent via electronic mail through CM/ECF filing to:

J. Derek Braziel, Esq.
Jay Forester, Esq.
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Telephone:  (214) 749-1400
Facsimile:  (214) 749-1010
Email: jdbraziel@l-b-law.com
Email: forester@l-b-law.com

**AND**

Jack Siegel, Esq.
**SIEGEL LAW GROUP PLLC**
10440 N. Central Expy., Suite 1040
Dallas, Texas 75231
Telephone:  (214) 706-0834
Facsimile:  (469) 339-0204
Email:  jack@siegellawgroup.biz

*COUNSEL FOR PLAINTIFFS*

                                                              */s/ Samuel Zurik III*