IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN GILCHRIST AND BYRON BROCHMAN, | § § | |
| Plaintiffs, | § | |
| V. | § | |
| | § | A-16-CV-008-LY-ML |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | § § | |
| Defendant. | § | |

**ORDER**

Before the court are Defendant Schlumberger Technology Corporation's Motion to Strike [Dkt. #58] filed March 3, 2017; Plaintiffs John Gilchrist and Byron C. Brochman's Response to Defendant's Motion to Strike [Dkt. #62] filed March 16, 2017; and Defendant's Reply in Support of Motion to Strike [Dkt. #64] filed March 23, 2017. The motion and responsive briefing were referred to the undersigned for resolution by United States District Judge Lee Yeakel pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Rules of the United States District Court for the Western District of Texas.

**I.    BACKGROUND**

Plaintiffs John Gilchrist ("Gilchrist") and Byron Brockman ("Brockman") (together, "Plaintiffs") bring this action against Schlumberger Technology Corporation ("STC") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206–207, alleging that they were misclassified as exempt employees and were not paid overtime wages. Plaintiffs claim that STC paid them a base salary and day rate that failed to fully compensate them for overtime work as required by federal law. (Dkt. #56 at 1–2). Plaintiffs were employed as MWD operators during the two years preceding the filing of their lawsuit—i.e., from around January 2014 through January 2016. (*Id.* at ¶ 15).

1

By way of its pending motion, STC seeks to strike paragraphs 19 through 22 of Plaintiffs' Second Amended Complaint ("SAC"), the active pleading in this matter, pursuant to Federal Rule of Civil Procedure 12(f) arguing that the allegations contained therein are impertinent, scandalous, immaterial, and highly prejudicial. In the challenged paragraphs, Plaintiffs reference other FLSA lawsuits filed against Defendants and two prior Department of Labor ("DOL") investigations. (Dkt. #56 at ¶¶ 21–22.) STC argues that these other lawsuits and investigations have no bearing upon Plaintiffs' claims for unpaid overtime wages in this case, and that their inclusion in the pleadings merely serves to "inflame the reader and . . . unfairly prejudice" STC. (Dkt. #58 at 5).

Plaintiffs respond that they included references to other FLSA litigations and DOL investigations conducted against STC to show that STC has been on notice of FLSA's overtime requirement for years, and that these allegations are probative to show a willfulness finding in this case.[1]

## II. LEGAL STANDARD

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). For matters challenged as "redundant, immaterial, impertinent, or scandalous matter," a district court should not strike challenged allegations or pleadings simply because they "offend the sensibilities" of the objecting party. *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (citing *In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005)). Such matters should be stricken, rather, only where they possess "no possible relation to the controversy." *Id.* (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*,

---

[1] Under the FLSA, the statute of limitations for a violation extends from two to three years based upon a willfulness finding. 29 U.S.C. § 255(a).

*Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)) (internal alterations omitted). Where a challenged matter is "directly relevant to the controversy at issue" and is at least "minimally supported" by the allegations set forth in the pleadings, it should not be stricken under Rule 12(f). *Id.* The court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Inus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).

**III.    DISCUSSION**

The undersigned finds that STC has failed to meet its heavy burden to show that Plaintiffs' factual allegations in paragraphs 19–22 possess "no possible relation to the controversy."[2] *Augustus*, 306 F.2d at 868. In the SAC, Plaintiffs state that over thirty-five FLSA lawsuits have been filed against STC since February of 2012. (Dkt. #56 at ¶¶ 20–21) In addition, they list six specific cases from this group. (*Id.*). The fact that over thirty-five FLSA lawsuits have been filed against STC, including one with virtually identical claims as those before this court,[3] is probative on the issue of whether STC was on notice of the requirements of the FLSA and thus relevant to the issue of willfulness. *See, e.g.*, *Bingham v. Jefferson Cty., Tex.*, No. 1:11-cv-48, 2013 WL 1312563, at *14 (E.D. Tex. March 1, 2013) ("Prior violations of the FLSA can be used to support a finding of willfulness on the basis that prior violations demonstrate that the employer was put on notice of the FLSA's requirements.") (citations omitted); *Sealey v. EmCare, Inc.*, No. 2:11-cv-00120, 2013 WL 164040, at *4 (S.D. Tex. Jan. 14, 2013) (asserting that evidence showing that defendants "previously litigated a closely related overtime issue to an unsuccessful outcome" could support a finding of willfulness under the FLSA).

---

[2] Plaintiffs' response was filed six days after the deadline prescribed by the local rules. *See* Loc. R. W.D. Tex. CV-7(e)(2). As a result, STC urges the court to disregard Plaintiff's untimely response and grant its motion to strike as unopposed. (Dkt. #64 at 4–5). The undersigned notes that the local rules imbue the court with discretionary authority to decide whether an untimely response merits granting a motion as unopposed. *See* Loc. R. W.D. Tex. CV-7(e)(2) ("If there is no response filed within the time period prescribed by this rule, the court *may* grant the motion as unopposed.") (emphasis added). The undersigned declines to exercise its discretion to disregard Plaintiffs' response here.

[3] *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-cv-02267 (W.D. La. July 8, 2014).

STC takes issue with the lawsuits listed in Plaintiffs' SAC for two reasons: (1) these cases are pending and have not been adjudicated on the merits; and (2) of the six cases cited, only one case involves the same job category that is the subject of this case. (Dkt. #64 at 1–2). The undersigned is not persuaded by either objection. First, even pending lawsuits tend to show that STC should have been on notice of FLSA requirements as STC would be forced to investigate or address the FLSA violations asserted. Second, evidence of prior FLSA litigation can support a willfulness finding even if the prior litigation contained different types of claims than the present case. *See, e .g.*, *Chao v. A-One Med. Servs.*, 346 F.3d 908, 919 (9th Cir. 2003) (finding probative defendant's former FLSA violations, "even if they were different in kind from the instant one and not found to be willful").

Likewise, prior DOL investigations that resulted in violations of the FLSA also tends to support the element of willfulness. *See, e.g.*, *Chao*, 346 F.3d at 919 ("The fact that [defendant] previously had run-ins with the [DOL] certainly put [defendant] on notice of other potential FLSA requirements."); *Alvarez v. Amb-Trans Inc.*, No. SA-11-cv-179-XR, 2012 WL 4103876, at *9 (W.D. Tex. Sept. 17, 2012) ("[Defendant's] two interactions with the [DOL] could be sufficient to show that he knew, or at least should have known, what payments policies were required by the FLSA.").[4] Thus, the undersigned finds that Plaintiffs' references to the other litigations and prior DOL investigations are not immaterial or impertinent to the issue of willfulness.

---

[4] To supports its contention that references to other litigations are inappropriate in an FLSA complaint and not necessary to allege willfulness, STC cites to a case from the Eastern District of New York. (*See* Dkt. #58 at 5 & n.25 (citing *Cowell v. Utopia Home Care, Inc.*, 144 F. Supp. 3d 398, 406 (E.D.N.Y. 2015)). As an initial matter, the undersigned notes that this case does not represent controlling authority. Furthermore, the undersigned finds it is not persuasive, as it provides neither reasoning nor citation to other authority to support its finding that these references to other litigation are "immaterial, impertinent or scandalous." *See Cowell*, 144 F. Supp. at 406.

Furthermore, STC has not met its burden to show that the allegations it seeks to strike as scandalous are *legally* scandalous. "'Scandalous' in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *J&J Sports Prods., Inc. v. Tawil*, No. SA-09-cv-327-XR, 2009 WL 3761766, at *4 (W.D. Tex. Nov. 9, 2009) (citing *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007)). Indeed, the Fifth Circuit has insisted that "a district court should not strike challenged allegations or pleadings simply because they 'offend the sensibilities' of the objecting party." *Coney*, 689 F.3d at 379.

STC takes issue with Plaintiffs' allegations that it is a "repeated violator" of the FLSA; shows a "total disregard for the FLSA"; and it is a "repeat FLSA offender[]." (Dkt. #58 at 8 (citing Dkt. #56 at ¶¶ 19–20, 22)). These allegations may offend STC's sensibilities, but they do not use "repulsive language," nor do they amount to inappropriate name calling. *Cf. Marceaux v. Lafayette Consol. Gov't*, No. 6:12-cv-01532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012) (striking from plaintiff's complaint allegations that the police department defendant is "rotten to the core" because they serve no purpose other than to cast the Lafayette Police Department in a poor light). As Plaintiffs point out, STC's status as "repeat" FLSA offenders is substantiated by the DOL investigations that found STC culpable for violations of that law. (Dkt. #62 at 7). Moreover, as discussed above, these allegations of "repeat" behavior are relevant to the issue of willfulness. *See Coney*, 689 F.3d at 379 – 80 (declining to strike pleadings as scandalous based on a determination that they were "relevant to the controversy at issue and minimally supported in the record"). Accordingly, these allegations are not properly considered scandalous for purposes of Rule 12(f).

Finally, the undersigned finds that STC's concerns that the challenged allegations would prove to be "highly prejudicial" and cause a jury to draw unwarranted inferences at trial are more properly addressed through a request for limiting instructions or by filing a motion in limine if this case results in a trial. It is not necessary for the court to resort to the extreme remedy of striking them from the pleadings. *See Florance*, 500 F. Supp. at 645 (commenting that striking a portion of a pleading is a "drastic remedy") (internal citations and quotations omitted).

In short, STC has failed to carry its burden of showing that the challenged allegations have "no possible relation to the controversy" to merit imposition of the "drastic remedy" of striking a portion of the pleadings. *See id*.

### IV.   CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Strike [Dkt. #58] is **DENIED**.

SIGNED May 1, 2017.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE