IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN GILCHRIST AND BYRON BROCKMAN, § § § | |
| PLAINTIFFS, § | |
| V. § | |
| § | CAUSE NO. 1:16-CV-8-LY |
| SCHLUMBERGER TECHNOLOGY CORPORATION, § § § | |
| DEFENDANT. § | |

## FINAL JUDGMENT

Before the court is the above-referenced cause. The court rendered Initial Findings of Fact and Conclusions of Law in this case on December 15, 2021 (Doc. #4), concluding that Defendant Schlumberger Technology Corporation ("Schlumberger") is liable to Plaintiffs John Gilchrist and Byron Brockman for overtime compensation under the Fair Labor Standards Act ("FLSA"). The court instructed the parties to provide an agreed calculation of damages to which Plaintiffs are entitled under the initial findings and conclusions. The parties submitted an Agreed Calculation of Damages on February 24, 2022 (Doc. #248). Having reviewed the agreed calculation of damages, post-trial briefing, and entire case file, the court now renders the following Final Judgment.

**IT IS ORDERED** that Plaintiff John Gilchrist is awarded judgment against Defendant Schlumberger Technology Corporation in the amount of $43,065.67 for unpaid overtime compensation.

**IT IS FURTHER ORDERED** that Plaintiff Byron Brockman is awarded judgment against Defendant Schlumberger Technology Corporation in the amount of $46,784.50 for unpaid overtime compensation.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded court costs.

A party contending this judgment entitles it to attorney's fees may request such fees following the procedures set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District for the Western District of Texas. *See* 28 U.S.C. § 1920; FED. R. CIV. P. 54; Loc. R. W.D. Tex. CV-54.

**IT IS FURTHER ORDERED** that all of the above shall accrue interest at the rate of 1.14% from the date of this Final Judgment until paid. *See* 28 U.S.C. § 1961.

The court declines to award Plaintiffs prejudgment interest. The Fifth Circuit has "consistently refused to allow prejudgment interest in actions brought under [the applicable section of the FLSA] regardless of whether liquidated damages were actually awarded." *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) (collecting cases).

The court also declines to award Plaintiffs liquidated damages. An employer who violates the FLSA's overtime-pay requirements is "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, *and in an additional equal amount as liquidated damages.*" 29 U.S.C. § 216(b) (emphasis added). A court may, "in its sound discretion," decline to award liquidated damages if an employer shows that (1) "the act or omission giving rise to such action was in good faith" and (2) the employer had "reasonable grounds for believing that [the] act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260.

The parties addressed the issue of liquidated damages in post-trial briefing. Schlumberger presented evidence through the testimony of Mitchell Williamson that it employed a "compensation department" charged with setting salary ranges, classifying jobs, and performing job evaluations. The compensation department would periodically retain outside counsel to evaluate positions and conduct training sessions on the FLSA. The court finds that Schlumberger

has shown that it acted in good faith when classifying Plaintiffs as exempt under the FLSA. Schlumberger also introduced sufficient evidence showing that it had reasonable grounds for classifying Plaintiffs as exempt. The court concludes that Schlumberger is not liable to Plaintiffs for liquidated damages under the FLSA.

**IT IS FURTHER ORDERED** that any relief requested by any party hereto not specifically granted herein is **DENIED**.

**IT IS FINALLY ORDERED** that the case is **CLOSED**. This is a Final Judgment pursuant to Federal Rule of Civil Procedure 58.

SIGNED this _2nd_ day of March, 2022.

```
_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE
```